**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

JOHN PATRICK CULLEN                                                    PETITIONER
ADC #601347

V.                                    No. 4:23-CV-10-JM-JTR

DEXTER PAYNE, DIRECTOR,
ARKANSAS DIVISION OF CORRECTION                              RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

### I.    Background

On September 16, 2019, Petitioner John Patrick Cullen ("Cullen"), an inmate in the Tucker Unit of the Arkansas Division of Correction ("ADC"), entered a negotiated plea of "no contest" to second-degree sexual assault in Garland County

Circuit Court.[1] *Docs. 10-1 at 13–14, 10-2*; *State of Arkansas v. Cullen*, Garland County Cir. Ct. Case No. 26CR-2018-246.[2] He was sentenced to a term of six years in the ADC. *Id.*  The circuit court entered its judgment and sentencing order on September 26, 2019. *Doc. 10-2*.[3]

Cullen did not file a direct appeal.[4] He also did not file a timely petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1.[5]

On July 21, 2021, Cullen filed the first in a series of unsuccessful *pro se* motions and petitions requesting various forms of post-conviction relief in the state trial court. *Doc. 10-1 at 18–31*. Two post-conviction appeals related to these filings

---

[1] As part of the plea deal, an additional charge of harassment was nolle prossed. *Docs. 10-2 at 2, 10-3 at 2.*

[2] The docket is accessible online at https://caseinfo.aoc.arkansas.gov.

[3] In its September 26, 2019 sentencing order, the circuit court inadvertently checked the box indicating Cullen had entered a negotiated plea of guilty, rather than the box indicating he had entered a negotiated plea of nolo contendere, or "no contest." *See Doc. 10-2 at 1.* It is well established, under Arkansas law, that "a plea of nolo contendere [no contest] is treated as an admission of guilt just as is a plea of guilty." *Lewis v. State*, 2017 Ark. 144, at 5, 516 S.W.3d 718, 722 (per curiam). Even so, on December 23, 2020, the circuit court entered an amended sentencing order correcting this clerical mistake to reflect that Cullen had entered a negotiated plea of nolo contendere. *Doc. 10-3 at 1.*

[4] A criminal defendant is not entitled to file a direct appeal when, like Cullen, he enters an unconditional plea of nolo contendere. *See* Ark. R. App. P.—Crim. 1(a); Ark. R. Crim. P. 24.3(b).

[5] When, as in Cullen's case, a conviction was obtained on a plea of nolo contendere, a petition seeking relief under Rule 37.1 must be filed in the circuit court within 90 days of the date of entry of judgment. *See* Ark. R. Crim. P. 37.2(c)(i); *see also Seaton v. State*, 324 Ark. 236, 920 S.W.2d 13 (1996). Cullen's judgment was entered on September 26, 2019. *Doc. __.* Because the ninetieth day after entry of the judgment fell on Christmas Day, Cullen had until December 26, 2019, to file a Rule 37.1 petition, but he did not do so.

remain pending in the Arkansas Supreme Court. *See Cullen v. State of Arkansas*, No. CR-23-32 (Ark. Sup. Ct.) (appealing denial of motions to vacate judgment of conviction and to change venue for sex-offender registration); *Cullen v. State of Arkansas*, No. CR-22-450 (Ark. Sup. Ct.) (appealing denial of petitions for writ of error coram nobis and habeas corpus).[6]

On January 1, 2023,[7] Cullen filed this § 2254 habeas action asserting four grounds for relief:

(1)    The trial court lacked jurisdiction over the charges against him. *Doc. 2 at 5–6.*

(2)    His arrest, based on a deficient probable-cause affidavit, constituted prosecutorial misconduct. *Doc. 2 at 7.*

(3)    The trial court's failure to address his motion to dismiss, filed before he entered a no contest plea, violated his due-process rights. *Doc. 2 at 9.*

(4)    He was arrested without sufficient probable cause in violation of his Fourth and Fourteenth Amendment rights. *Doc. 2 at 11.*

On March 24, 2023, Respondent filed a Motion to Dismiss (*Doc. 9*) and Brief in Support (*Doc. 10*), in which he argues that Cullen's § 2254 habeas claims are

---

[6] These dockets are accessible online at https://caseinfo.aoc.arkansas.gov.

[7] On January 1, 2023, Cullen placed this Petition in the prison mailing system. *Doc. 2 at 17.* The Clerk's office received the Petition and filed it on January 5, 2023. *Doc. 2 at 1.* In using this date, rather than the filing date of January 5, 2023, the Court assumes that Cullen is entitled to the benefit of the prison-mailbox rule. *See* Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Habeas Rules") (providing that "[a] paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing"); *see also* 28 U.S.C. § 1746.

time-barred. Cullen, at the Court's direction, has filed a Response to Respondent's Motion to Dismiss, in which he contends he is entitled to statutory and/or equitable tolling of the limitations period because he has "filed numerous collateral attacks on [his] conviction," and because he is not an attorney and has no legal education. *Doc. 14 at 1, 3.*

For the reasons explained below, the Court concludes that Cullen's § 2254 habeas Petition is barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1). Accordingly, the Court recommends that Respondent's Motion to Dismiss be granted and that Cullen's habeas Petition be dismissed, with prejudice.

## II.    Discussion

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitations period for a state prisoner to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1)(A). Generally, a state prisoner seeking to challenge his state-court conviction in federal court must file a petition for habeas relief within one year after the state "judgment of conviction becomes final" by the conclusion of direct review or the expiration of the time for seeking such review. *Id.*

While Cullen pleaded "no contest" to the charge of second-degree sexual assault, his plea, as noted, has the same legal effect as a guilty plea. *See Lewis*, 2017

Ark. 144, at 5, 516 S.W.3d at 722.[8]   Following a guilty plea, the "judgment of conviction becomes final" 30 days after the entry of the judgment of conviction. Ark. R. App. P.—Crim. 2(a); *Camacho v. Hobbs*, 774 F.3d 931, 934 (8th Cir. 2015).

Cullen entered his "no contest" plea of guilty on September 16, 2019. *Docs. 10-1 at 13–14, 10-2*. On September 26, 2019, the trial court entered its judgment and sentencing order.[9] *Id*. Thirty-two days later,[10] on October 28, 2019, Cullen's conviction became final. Absent any applicable periods for statutory or equitable tolling, Cullen had one year from that date—until October 27, 2020—to file his federal habeas petition.[11] *See* 28 U.S.C. § 2244(d)(1)(A).

---

[8] *See also Seaton v. State*, 324 Ark. 236, 237, 920 S.W.2d 13, 14 (1996) (holding that procedural rules governing pleas of guilty and nolo contendere make no distinction between the pleas for purposes of seeking post-conviction relief).

[9] The date of the original judgment is the operative date for purposes of calculating AEDPA's one-year limitations period. As Respondent notes, because the December 23, 2020 amended sentencing order was issued merely to correct "a clerical or typographical error," it did not result in a new judgment. *Dyab v. United States*, 855 F.3d 919, 923 (8th Cir. 2017); *see also United States v. Saaga*, No. 2:19-cv-2068-PKH-MEF, 2020 WL 1034626, *4 (W.D. Ark. Feb. 14, 2020) (original judgment, and not amended judgment, applicable to timeliness analysis in § 2255 case), report and recommendation adopted by 2020 WL 1031031 (W.D. Ark. Mar. 3, 2020); *Rackers v. United States*, No. 1:21-cv-15-RLW, 2023 WL 5951835, *3–*4 (E.D. Mo. Sep. 13, 2023) (amended judgment that merely corrected clerical error did not affect the date petitioner's judgment became final for purposes of filing § 2255 petition); *Mohammed v. State*, 2017 Ark. 101, at 4, 513 S.W.3d 847, 850 (per curiam) (trial court has jurisdiction to correct obvious clerical error by a judgment nunc pro tunc).

[10] The 30-day period for filing a notice of appeal under Ark. R. App. P.—Crim. 2(a) ended on Saturday, October 26, 2019. This meant the filing period was extended by two days to Monday, October 28, 2019. *See* Ark. R. App. P.—Crim. 17 (extending time to next business day when last day for taking action falls on Saturday, Sunday, or legal holiday).

[11] Cullen does not assert any argument invoking the actual-innocence exception "as a gateway" to overcome the expiration of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S.

**B. Tolling**

*1. Statutory Tolling*

AEDPA provides for tolling during the pendency of a "properly filed application for State post-conviction or other collateral review *with respect to the pertinent judgment*[.]" 28 U.S.C. § 2244(d)(2) (emphasis supplied). A state post-conviction application is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings," including "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

Arkansas law required Cullen to "properly file" a Rule 37.1 petition within 90 days of September 26, 2019, the date the judgment of conviction was filed. *See* Ark. R. Crim. P. 37.2(c)(i); *see also Seaton*, 324 Ark. at 237, 920 S.W.2d at 14 (the rule requiring a Rule 37 petition to be filed within 90 days of the entry of judgment after plea of guilty also applies to a plea of no contest). Thus, Cullen had until December 26, 2019, to file a Rule 37.1 Petition in the Garland County Circuit Court, but he did not do so.[12]

---

383, 386 (2013). Nor does he allege or provide any "new reliable evidence." The Court, therefore, need not address the issue in further detail.

    [12] The 90-day period for filing a Rule 37.1 Petition ended on December 25, 2019, a state and federal holiday. This meant the filing period was extended to December 26, 2019. *See* Ark. R. Crim. P. 1.4 (extending time to next business day when last day for taking action falls on Saturday, Sunday, or legal holiday).

He, in fact, did not pursue *any* form of post-conviction relief with respect to his judgment of conviction for sexual assault until July 21, 2021—well after the one-year limitations period had expired. AEDPA's statute of limitations "cannot be tolled after it has expired." *Jackson v. Ault*, 452 F.3d 734, 735 (8th Cir. 2006).

Moreover, none of the so-called "collateral attacks" cited in Cullen's Response—various civil lawsuits against his sexual-assault victim and civil rights actions brought pursuant to 42 U.S.C. § 1983 (*Doc. 14 at 4–15*)—warrant tolling of the one-year period for filing a § 2254 habeas Petition. *See Davis v. Musselwhite*, No. 2:20-cv-117-JTK, 2020 WL 6161528, *3 (E.D. Ark. Oct. 21, 2020) (mistaken pursuit of habeas claims in § 1983 action does not warrant statutory tolling). Accordingly, Cullen's habeas Petition is time-barred unless he can establish a legal basis for equitably tolling the one-year limitations period.

### 2. Equitable Tolling

AEDPA's limitations period may be equitably tolled if a habeas petitioner can show that (1) he has been "pursuing his rights diligently," but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Extraordinary circumstances are those "beyond a prisoner's control" that "make it impossible to file a [federal habeas] petition on time . . . [or] when the conduct of the defendant has lulled the plaintiff into inaction." *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). "Equitable

tolling is an exceedingly narrow window of relief[,]" and "[t]he burden of demonstrating grounds warranting equitable tolling rests with the petitioner." *Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007) (omitting citation); *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009) (*citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Cullen vaguely claims he should be entitled to equitable tolling because he is "not an attorney but a plumber" and has "filed numerous collateral attacks on [his] conviction." *Doc. 14 at 1, 3*. However, the Eighth Circuit has repeatedly held that a petitioner's *pro se* status, lack of legal knowledge or resources, or any confusion about the federal limitations period or state post-conviction law does not justify equitable tolling. *See Gordon v. Arkansas*, 823 F.3d 1188, 1195 (8th Cir. 2016) (rejecting petitioner's argument to apply equitable tolling to period he was attempting to exhaust state-court remedies); *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012) ("petitioner's pro se status and failure to follow rules for filing state post-conviction petitions do not constitute extraordinary circumstances"); *Earl*, 556 F.3d at 724–25 (no tolling due to delayed receipt of case file, *pro se* status, lack of access to legal materials and limited time in library); *Shoemate v. Norris*, 390 F.3d 595, 597–98 (8th Cir. 2004) (prisoner's misunderstanding of state post-conviction procedures, *pro se* status, lack of legal knowledge or legal resources); *Kruetzer*, 231

F.3d at 463 ("even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted").

Cullen's judgment of conviction became final on October 28, 2019. Cullen, however, waited until January 1, 2023, to file his § 2254 habeas Petition. Remarkably, during this more-than-three-years interim, he managed to prepare and file numerous other *pro se* civil actions in both state and federal court. Plainly, he has not demonstrated any extraordinary circumstance that prevented him from timely filing his habeas Petition.

Nor has he demonstrated that he acted diligently in pursuing *federal habeas review*. *See Gordon*, 823 F.3d at 1195 (noting the relevant question is whether petitioner was diligent in filing "his *federal habeas petition*," as opposed to state post-conviction petitions). Where a petitioner has not made good use of the time available to him within the limitations period, he has not demonstrated the diligence required to justify equitable tolling. *Williams v. Kelley*, 830 F.3d 770, 773 (8th Cir. 2016); *Nelson v. Norris*, 618 F.3d 886, 893 (8th Cir. 2010); *Earl*, 556 F.3d at 724–25. Because Cullen has failed to demonstrate both diligence and any extraordinary circumstance that prevented his timely filing, he is not entitled to any equitable tolling. His § 2254 habeas Petition is time-barred.

### III.    Conclusion

Because Cullen's § 2254 habeas Petition is time-barred, Respondent's Motion to Dismiss (*Doc. 9*) should be GRANTED, Cullen's Motion to Supplement Petition (*Doc. 8*) should be DENIED, as moot, and this action should be DISMISSED, with prejudice.

DATED this 3rd day of October, 2023.

_____
UNITED STATES MAGISTRATE JUDGE